ABE FOSTER v. THE STATE.

No. 2643.    Decided January 28, 1903.

**1.—Postponement—Bill of Exceptions.**

A bill of exceptions should be reserved to the refusal of the court to postpone the trial for defendant's counsel, who is engaged in the trial of a case in another court.

**2.—Absence of Statement of Facts—Charge.**

Errors in the charge of the court can not be revised in the absence of a statement of facts.

**3.—Same—Insufficiency of Evidence.**

Error predicated upon the insufficiency of evidence can not be considered in the absence of a statement of facts.

Appeal from the Criminal District Court of Harris. Tried below before Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

No statement of facts in the record.

No briefs for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was given five years in the penitentiary on a conviction of burglary.

This record contains neither bill of exceptions nor statement of facts. The first ground of the motion for new trial contends that the court erred in denying him the right to be heard by counsel, and in refusing to postpone the trial until his counsel could get through with a case in which he was engaged, on trial in another court. This is stated as a ground of the motion, and no exception is reserved to this action, if it occurred, and it is in no way verified so this court can pass upon it. The second and third grounds refer to supposed errors in the charge. Without a statement of facts, this can not be revised. Nor can the fourth ground, which relates to the insufficiency of the evidence, because the evidence is not before us.

As presented by this record, no error appears, and the judgment is affirmed.

*Affirmed.*