### General Porter v. The State.

#### No..2521.  Decided April 22, 1903.

**Theft—Evidence Insufficient.**

   See opinion for evidence held insufficient to support a conviction for theft, defendant's possession, which was the main incriminative fact, not being recent and his explanation being reasonable and not disproved by the State.

Appeal from the. County Court of McLennan.    Tried below before Hon. G. B. Gerald, County Judge.

Appeal from a conviction of theft of two wagon wheels, of the value of $5; penalty, ten days imprisonment in the county jail.

No statement required.

*Richard I. Munroe* and *S. A. Hogan,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of the theft of two wagon wheels, and his punishment assessed at confinement in the county jail for ten days; hence this appeal.

The only question necessary to be considered, is the sufficiency of the evidence to sustain the conviction.    The testimony shows that prosecutor, Coates, owned an old pair of wagon wheels, and some time in November, 1901, the wheels were missed from the premises of Coates. Some time in the following November, 1902, defendant, who lived some two or three miles from the prosecutor, was found in possession of the wheels.    He was using them openly on a cart.    When notified that the wheels belonged to prosecutor, he stated that he traded scrap-iron for them with a peddler who was in the neighborhood buying scrap-iron.    This is substantially all the testimony of an inculpatory character; that is, the case depends solely on the possession of the stolen property, without other circumstances tending to show appellant stole the property.    We hold the possession here shown was not of such a recent character as, in the absence of other circumstances of a criminative nature, would afford plenary proof of guilt. Besides, appellant gave an account of how he came by the property, which was reasonable,

and this was not disproved by the State.  We hold the evidence was not sufficient.  Bragg v. State, 17 Texas Crim. App., 219; Lehman v. State, 18 Texas Crim. App., 174; Loving v. State, 18 Texas Crim. App., 450; Romere v. State, 25 Texas Crim. App., 394.  Besides, the court should have given appellant's requested instructions on the question of recent possession; that is, to acquit if they believed the possession was not recent, etc.  See Boyd v. State, 24 Texas Crim. App., 570. The evidence being insufficient to support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*