T. O. HINSLEY v. THE STATE.

No. 826.  Decided November 23, 1910.

Rehearing Denied December 21, 1910.

**1.—Theft of Cattle—Evidence—Bill of Exceptions—Arrest.**

Where, upon appeal from a conviction of theft of cattle, the bill of exceptions was qualified by the court with the statement that defendant was not under arrest at the time he made the declarations, the point that he was under arrest was without merit.

**2.—Same—Evidence—Confessions—Arrest.**

Where, upon trial of theft of cattle, the evidence showed that the officer simply requested the defendant to go to town with him, and that he let him go when they reached town, there was no error in admitting defendant's declarations as to how he came by the alleged stolen property, as he was not under arrest.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of cattle the evidence conclusively showed the guilt of the defendant the conviction was sustained.

**4.—Same—Charge of Court—Purchase—Explanation—Recent Possession.**

Where, upon trial of theft of cattle, the defendant claimed to have purchased the same and the court charged the jury that if there was any reasonable

doubt that the defendant purchased the property to acquit him there was no error in the court's failure to charge on explanation of property recently stolen. Following Wheeler v. State, 34 Texas Crim. Rep., 350, and other cases.

Appeal from the District Court of Austin. Tried below before the Hon. L. W. Moore.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*C. C. Glenn* and *Lane, Wolters & Storey,* for appellant.—Upon question of defendant's confessions: Rains v. State, 33 Texas Crim. Rep., 294; Sparks v. State, 34 Texas Crim. Rep., 86; Paris v. State, 35 Texas Crim. Rep., 82; Cortez v. State, 47 Texas Crim. Rep., 10; Robertson v. State, 54 Texas Crim. Rep., 21, 111 S. W. Rep., 741; Gaston v. State, 55 Texas Crim. Rep., 270, 116 S. W. Rep., 582; Collins v. State, 57 Texas Crim. Rep., 410, 123 S. W. Rep., 582; Rodriguez v. State, 58 Texas Crim. Rep., 397, 126 S. W. Rep., 264; Bronson v. State, 59 Texas Crim. Rep., 17, 127 S. W. Rep., 175; Layton v. State, 52 Texas Crim. Rep., 513, 107 S. W. Rep., 819.

On the question of the court's failure to charge on explanation of property recently stolen: Reynolds v. State, 8 Texas Crim. App., 412; Riojas v. State, id., 49; Freeman v. State, 52 Texas Crim. Rep., 500, 107 S. W. Rep., 1127; Black v. State, 38 Texas Crim. Rep., 58, 41 S. W. Rep., 606; White v. State, 18 Texas Crim. App., 57.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—Appellant was convicted of cattle theft, and his punishment assessed at two years confinement in the penitentiary.

1. Bill of exceptions No. 1 complains of the action of the court below in allowing the State to prove by W. I. Hill that appellant came to his office and told him that he had killed Walter Hill's yearling; that he butchered the same and threw the head in the Brazos River. He stated he was alone; that he was not in the habit of taking witnesses with him in that kind of business. This testimony was objected to by appellant on the ground that same was a confession of the defendant while under arrest and in custody of an officer, and that same was not in compliance with the statute, and was prejudicial to the defendant. This bill is defective in not showing that at the time the statement was made to Hill the defendant was under arrest and in custody. The statement of this fact as grounds of objection can not be considered. The bill was qualified by the court with the statement that defendant was not under arrest at the time he talked to said witness Hill, and in the shape of the bill of exceptions with the qualification of the judge, same is without merit.

2. The next bill of exceptions is to the action of the court allow-

ing the State to prove by Tom Watson the following: "I was deputy sheriff of Austin County last year in September and October. I was notified by J. Walter Hill that a beef had been stolen and that he had sworn out a search warrant and placed same in my hands. I went to Hinsley's house and searched his premises, and found the beef in his smokehouse. I took the beef and put it in my. buggy and told the defendant, Hinsley, to get ready and come to town with me. I waited for him and when he got ready he came on to town with me; he came horseback. When we got nearly to town he wanted to go and see W. I. Hill. I told him he could go. I afterwards went to W. I. Hill's office and Mr. Hill and Hinsley were there and the defendant, T. O. Hinsley, told Mr. Hill, in my presence, that he got the yearling, butchered it and threw the head of said yearling into the Brazos River." This confession was objected to by appellant because the same was made while he was under arrest and in custody of an officer, and because same was not reduced to writing, as required by law. To this bill we find the following qualification by the judge: "The witness Tom Watson testified as a witness for the State without objection on the part of the defendant. The facts show that defendant separated from Watson early Monday morning, and was then released from arrest and was not arrested for this offense until indictment was found against him four months later. Under the testimony the defendant was not under arrest on the afternoon at the time of his conversation with and confession to said witness, W. I. Hill." From the statement in the bill, as well as the qualification of the judge, it does not appear that appellant was in custody at the time he made this statement to Hill. Watson simply requested the defendant to go to town with him. He let him go when they got into town to see Mr. Hill. He never rearrested him, nor was the defendant arrested until after the indictment was found four months thereafter. We do not think the facts show that defendant was under arrest at the time he made the statement to Hill. The appellant having accepted the bill of exceptions qualified by the judge, and this qualification showing that defendant was not under arrest, he is bound thereby. The bill is without merit.

In the trial of the case appellant denied that he had made this statement to Hill when he took the witness stand, and also denied the statement made by Watson as to what he said at the time he, Watson, searched his house for the meat. He first stated to Watson that he got the meat from a butcher by the name of Merkel. Witness says he then remarked to the defendant: "If that is so, you will have no trouble in proving it." Appellant then stated he did not get the meat from Merkel. The witness said he assured appellant he would have no trouble if he could show how he came into possession of the meat, when the appellant replied that he would not tell where he got the meat until he had to do so. The defendant insisted the witness should let the meat remain there at his home and for

him not to say anything about it. The witness Hill testified that when defendant came into his office he stated that he wanted the witness to help him out of his trouble. Witness refused to defend him, and appellant asked the witness to go to the town of San Felipe and see if he, defendant, was not correct in his statement that he had not killed Hill's yearling, and that the yearling he had killed he had gotten from Henry Ross. Witness then promised he would go and see Ross about it. He did not see Henry Ross, the man defendant claimed he got the yearling from, but saw his brother, Andrew Ross, who informed him that neither he nor his brother Henry had sold Hinsley any yearling. Witness stated he came back and reported this matter to Hinsley, and defendant admitted he had killed the yearling. The owner of the yearling testified that he had a cow with a calf about nine months old in the bottom; that riding through the bottom he heard the cow lowing. He went to where she was and he saw some blood there. He followed it a short distance and saw the paunch, and that he went on to the creek and dragged it and found the head of the yearling in the creek, and this yearling had his marks on it. Appellant stated that his daughter bought this yearling from Henry Ross; that is, that his daughter traded with Henry Ross for the yearling, and that he butchered the yearling in his lot. It is unnecessary to set out all the facts of the case. There were a great many circumstances detailed by the witnesses, and we are of opinion the evidence conclusively shows the guilt of appellant.

3. The court charged the jury as follows: "If you believe from the evidence that the heifer in question was purchased from Henry Ross then you should acquit, or if you have any reasonable doubt of this fact then you should acquit." Complaint is made that the court should have directed the jury as to the explanation of the defendant when first accosted, and that if the defendant's explanation of his possession of the property was reasonable and probably true, they would acquit unless the State had disapproved the same. We think that the charge as given by the court was sufficient. It put the issue squarely up to the jury, and rendered it unnecessary for the court to charge on explanation of recently stolen property. In Wheeler v. State, 34 Texas Crim. Rep., 350, complaint was made there that the court did not give a charge upon explanation of the defendant with regard to his possession of the stolen property, the court saying: "Inasmuch as there was in this case distinct and independent testimony of the purchase aside from the explanation given at the time, we believe the charge on this subject should have been given. If in this case the court had pertinently charged on the purchase of the hogs, this would have been sufficient without a charge on explanation. See Mathews v. State, 32 Texas Crim. Rep., 355." We think that in view of the charge that was given by the court, that it was sufficient and that to have then given a charge upon explanation when first questioned, would have had a tendency to confuse the jury.

See also the case of Williams v. State, 29 Texas Crim. App., 167. While in some cases there may be a necessity to charge both upon purchase and upon explanation, if the jury would have disbelieved the evidence in support of the purchase they would have disbelieved the explanation offered by the defendant. And while there are some authorities that hold that it devolves upon the court to give a charge upon explanation, yet we think where the defendant relies upon the fact that he had purchased the property, then for the court to direct the jury pertinently and tersely that if they believe that he purchased it or have a reasonable doubt thereof to acquit, that this presents the question in a most simple and concise form and would be better understood by the jury than for the court to go ahead and direct the jury that if at the time the defendant was found in possession of the property and that same had been recently stolen, and when his possession was first questioned he made an explanation which is reasonable and probably true and accounts for his possession in a manner consistent with his innocence, that the jury would then consider the explanation as true and acquit the defendant. "If on the contrary you believe such explanation was unreasonable and did not account for defendant's possession, or if you believe that same accounted for defendant's possession in a manner consistent with his innocence, but the State has shown the falsity thereof, then you will take the possession of defendant, together with his explanation in connection with all other facts and circumstances, if any, in evidence, and then if you believe defendant guilty beyond a reasonable doubt, you will convict, otherwise acquit." This, to our minds, is calculated rather to confuse the jury than to throw light upon the transaction. The most simple, terse and concise statement of the issue is to simply direct the jury if they have a reasonable doubt that defendant purchased the property they will acquit. We are, therefore, of opinion that the court was not called upon to charge upon explanation, and that the charge of the court sufficiently covered the issue.

Finding no error in the action of the court below, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

#### December 21, 1910.

McCORD, JUDGE.—This case was affirmed at a previous day of this term and appellant has filed a motion for rehearing in which he insists that this court was in error in holding that appellant was under arrest at the time he made the statement to Hill and Watson. Whether appellant was under arrest or not, the qualification of the judge to the bill of exception states that no objection was made to this testimony when it was offered. The appellant accepted the bill with this qualification and as the record shows that no objection was

made to this testimony this question can not be considered by us from any of the views presented by counsel.

There is no merit in the other contentions of appellant and the motion for rehearing will be overruled.

*Overruled.*