### W. M. Stephens v. State.

No. 2312. Decided February 26, 1913.

Rehearing denied March 26, 1913.

**1.—Theft of Horse—Continuance—Want of Diligence.**

Where defendant's application for continuance showed a want of diligence for applying for proper process, and that it was hardly possible that the alleged witness could have been procured by further postponement of the case, there was no error in overruling the motion.

**2.—Same—Evidence—Recent Possession—Explanation—Charge of Court.**

Where, upon trial of theft of a horse, the defendant claimed that he had traded therefor, and the court charged the jury that if they believed that he traded for said horse or had a reasonable doubt to acquit him, there was no error in refusing a special charge on the same question couched in a more formal manner. Following Hinsley v. State, 60 Texas Crim. Rep., 565.

**3.—Same—Indictment—Grammatical Errors—Words and Phrases.**

Grammatical errors present no ground for quashing an indictment as long as it can be rendered certain, and the omission of the word, "of," in the latter part of the indictment presented no error.

**4.—Same—Sufficiency of the Evidence—Reasonable Explanation.**

Where defendant gave more than one explanation of his possession of the alleged stolen horse, the conflict in such statements could be considered by the

jury and the conviction will not be reversed on appeal. Following Cabral v. State, 57 Texas Crim. Rep., 304, and other cases.

Appeal from the District Court of Travis. Tried below before the Hon. Chas. A. Wilcox.

Appeal from a conviction of theft of a horse; penalty, five years imprisonment in the penitentiary.

The Opinion states the case.

*Thelbert Martin,* for appellant.—On question of continuance: Ray v. State, 13 Texas Crim. 51.

On question of court's charge on explanation: Bond v. State, 23 Texas Crim. App., 180; Boyd v. State, 24 id, 570; Taylor v. State, 27 id, 463; White v. State, 28 id, 71.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of indictment: Conoly v. State, 2 Texas Crim. App., 412; Martin v. State, 21 id, 1; Buchanan v. State, 24 id, 195.

HARPER, Judge.—Appellant was prosecuted and convicted of the theft of a horse, and his punishment assessed at five years confinement in the State penitentiary.

The appellant complains that the court erred in overruling his second application for a continuance. As qualified by the court the bill presents no error, the court stating, "the subpoenas referred to in the motion had been returned considerable time before the trial, the return showing the witnesses had not been found, and no further process issued nor asked for up to the time of the trial." In addition to this the application itself shows that the residence of the witnesses are not known to appellant, and if he had not located them by the time this case was called for trial, it is barely possible he would be able to do so by a further postponement of the case.

It is shown by another bill that while W. C. Castleberry was testifying he was asked what explanation, if any, appellant offered of his possession of the stolen horse at the time of his arrest, which objection was by the court sustained. Later during the trial, however, the court revised his ruling in this respect, and permitted the witness to state fully all that appellant stated at the time, and under such circumstances the bill presents no error. On the trial, appellant's contention was that when found in possession of the stolen horse he gave as an explanation of his possession, that he had traded for the horse, and got him from a man near Junction City, whose name he did not know or remember. On this issue the court instructed the jury: "If you believe from the evidence that the defendant traded for said horse, or if you have a reasonable doubt as to whether or not he traded for said horse, then you will acquit him." This character of charge on the submission of this issue has been frequently approved by this court, and there was no error in refusing the special charge in regard to explanation of possession of recently stolen property.

Hinsley v. State, 60 Tex. Crim. Rep., 565, 132 S. W. Rep., 779.

The only other question raised by the motion for new trial are the sufficiency of the indictment, and that the testimony does not support the verdict, in that defendant gave a reasonable explanation of the stolen horse. Where defendant gives more than one explanation, the conflict in such statements may be considered by the jury in determining whether they are reasonable and probably true, and under such circumstances it has been held that the judgment will not be reversed on appeal. Cabral v. State, 57 Texas Crim. Rep., 304; Von Emmons v. State, 20 S. W. Rep., 1106.

Grammatical errors present no grounds for the quashing of an indictment, unless such errors render the indictment uncertain and one is unable to determine the charge intended. The ommission of the word "of" in the latter part of the indictment presents no error, when by reading the entire indictment the intent and meaning is made perfectly clear. Bishop's Crim. Pr., vol. 1, secs. 354, 356 and 357.

The judgment is affirmed.

[Rehearing denied March 26, 1913.—Reporter.]

*Affirmed.*