BILL WRIGHT v. THE STATE.

No. 6478.   Decided November 23, 1921.

1.—Misdemeanor Theft—Sufficiency of the Evidence.

Where, upon trial of misdemeanor theft, the record on appeal showed that defendant was found in possession of recently stolen property, and did not explain its possession in a reasonable manner, the conviction is sustained. Following Roberts v. State, 17 Texas Crim. App., 82, and other cases.

2.—Same—Requested Charges—Practice on Appeal.

In the absence of a bill of exceptions, the requested charges in a misdemeanor case will not be considered on appeal. Following Barrios v. State, 83 Texas Crim. Rep., 548.

3.—Same—Recent Possession—Rule Stated.

It is the rule that the possession of property shown by the evidence to have been recently stolen is sufficient when unexplained, or explained in a manner that is not reasonable and probably true to support the inference of guilt of theft. Following Cabral v. State, 57 Texas Crim. Rep., 304, and other cases.

Appeal from the District Court of Hamilton.   Tried below before the Honorable J. C. Shipman.

Appeal from a conviction of misdemeanor theft; penalty, sixty days confinement in the county jail.

*S. R. Allen,* for appellant.—On question of recently stolen property: Curline v. State, 23 Texas Crim. App., 681; Navarro v. State, 17 S. W. Rep., 545.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, PRESIDING JUDGE.—The offense is theft, a misdemeanor; punishment fixed at confinement in the county jail for sixty days.

The only question raised which demands attention is the alleged insufficiency of the evidence. There were requests for special charges, but they are not such as require review in the absence of bill of exceptions. Barrios v. State, 83 Texas Crim. Rep., 548, and cases therein listed.

Holmes, the injured party, missed his overcoat, and the circumstances were sufficient to support the inference that it was stolen by some person. It was, in a few days, found in possession of the appellant. He claimed to have acquired it for another in exchange, and also gave testimony to that effect upon the trial. He claimed that the boy from whom he got the stolen coat was known to him, though he did not remember his name. He was told by the sheriff that unless the boy was pointed out or identified, prosecution would be established against the appellant. Appellant claimed that he afterwards saw the boy and obtained from him the coat he had given in exchange for that of Holmes, but still failed to point him out or disclose his name. In his testimony, he gave a description of the coat which he had exchanged for the stolen one, conflicting with that which, according to the sheriff, he gave at the time his right to the stolen property was first challenged. His explanation of his possession of the stolen property, if reasonable and probably true, entitled him to an acquittal unless the evidence justified the finding by the jury that it was not reasonable or not true. Perry v. State, 41 Texas Reports, 486; Porter v. State, 45 Texas Crim. Rep., 66; Branch's Ann. Texas Penal Code, Sec. 2464. We are unable to assert that the jury was not justified in concluding that appellant did not give a reasonable and true account of his possession of the stolen property. Von Emmons v. State, 20 S. W. Rep. 1106; Cabral v. State, 57 Texas Crim. Rep., 304; Stephens v. State, 69 Texas Crim. Rep., 437, 154 S. W. Rep., 996. Nor do we think that under the facts developed the jury was bound to accept as true his testimony upon the trial explaining his possession. It is the rule that the possession of property shown by the evidence to have been recently stolen is sufficient when unexplained or explained in a manner that is not reasonable and probably true to support the inference of guilt of the theft. Roberts v. State, 17 Texas Crim. Rep., 82; Cabral v. State, 57 Texas Crim.

Rep., 304; Hernandez v. State, 57 Texas Crim. Rep., 15; Roberts v. State, 60 Texas Crim. Rep., 24.

The evidence being sufficient and no error appearing, the judgment is affirmed.

*Affirmed.*