## V. T. Anderson v. The State.

No. 12621.   Delivered June 5, 1929.
Rehearing denied June 26, 1929.

The opinion states the case.

*G. H. Crane* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, felony, theft; penalty, three years in the penitentiary.

Prosecuting witness lost about 1090 pounds of seed cotton. The cotton was shown to have been in possession of appellant, who sold same to the Murray Gin Company of Dallas. The said cotton was identified by the presence in it of a pair of woman's teds, shown to have been placed there by a negro girl, who had been picking cotton for prosecuting witness. It was shown that at the time appellant sold this cotton, he said his name was Bob Allen and that the cotton was raised near the W. S. Kirby farm. Check for same was made out to Bob Allen. Appellant claims that he was hauling the cotton for his brother-in-law and a Mexican and says that he told the buyer that it was from the Bob Allen farm. He denied giving his name as Bob Allen as well also as the statement of where the cotton was raised. He admitted, however, that he hauled the cotton to the gin and sold same.

The only point presented is the alleged insufficiency of the evidence. We think an inference of guilt in this case from the circum-

stances of recent possession was justified, especially since there were present circumstances and facts which authorized the jury to disbelieve the accused's explanation of his possession. Such evidence seems to be sufficient under our authorities. Roberts v. State, 17 Tex. Crim. App. 82; Teague v. State, 31 S. W. 401; Odell v. State, 71 S. W. 971; Roberts v. State, 60 Tex. Crim. Rep. 24; Stephens v. State, 154 S. W. 996.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by.the Court.

ON MOTION FOR REHEARING.

A re-examination of the record in the light of the appellant's motion for rehearing leaves us of the opinion that the proper disposition of the case was made upon the original hearing. The motion for rehearing is therefore overruled.

*Overruled.*