## LESLIE COTTON ODOM v. THE STATE.

No. 13586. Delivered October 8, 1930.
Rehearing denied December 3, 1930.
Reported in 32 S. W. (2d) 1106.

The opinion states the case.

*Martin, Shipman & Winters* of Abilene, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Theft of an automobile is the offense; penalty, confinement in the penitentiary for a period of two years.

It is contended that the evidence is insufficient to support the conviction. No other questions are presented for review.

An automobile belonging to Floyd Hickman was stolen. It was parked at night on one of the streets of Abilene near the place of business of the Fulwiler Motor Company. The owner of the car worked at night and missed his car when he quit work. The theft took place on the 10th day of December, 1929. The car was recovered the following day at Goldthwaite, in Mills County. At the time of its recovery the car was in the possession of the appellant and Jack Oliver. They were offering turkeys for sale under circumstances which aroused a suspicion that the turkeys were stolen. They were using the car for conveying the turkeys. Odom and Oliver were arrested while in possession of the car. Brown was arrested soon after.

Jack Oliver testified for the State. He claimed that he was not acting under the promise of immunity. He went into some detail showing the movements of Odom, Brown and himself upon the night the car was stolen. After it was stolen the three men rode in the car to Goldthwaite. He stated in substance that he, Brown and Odom met on Chestnut Street at about seven o'clock in the evening. They remained together and went to various places in the city with no particular motive. At times they were separated. In his direct evidence, Oliver said:·

"We just stood around there and talked for a little while. After that we came back to the south side, and then we went back over to the north side and got the car and left in it. * * * We got the car at Fulwiler's. It was parked out in the street. We then went down to Goldthwaite. We all went there. We all knew it was a stolen car. We didn't have any right to take it."

He also testified that Odom knew that they did not have a car that night; that he knew that none of them had a car; that he asked no questions when he got into the car.

On cross-examination Oliver testified that he did not know who stole the car; that Brown was driving it; that he was not with Brown at the time he got it and could not say whether Odom was with him; that he (Oliver) got in the car on Pine Street and Odom got in the car later, on South First Street. Oliver disclaimed any agreement to steal the car. He said that he knew when he first got in the car that it was a stolen car; that he knew of no reason why Odom did not know it; that he should have known it.

The appellant's father testified that his son was born in April, 1910; that he was not quite twenty years of age; that he had never been convicted of a felony.

Witnesses for the State testified that the appellant's reputation as a law-abiding citizen was bad.

The evidence is deemed such as would support the conclusion of the jury that in the theft of the car the appellant acted as a principal. The fact that there is no affirmative testimony that he was present at the moment the car was driven from the place where it was parked is not conclusive against the State. Apparently, the circumstances attending the transaction and the testimony of the accomplice upon his direct examination would warrant the conclusion that if the appellant was not present at the moment the car was taken, it was done by an agreement to which he was a party. Concededly, he was connected with Brown and Oliver in driving

the car away from the city of Abilene, was in possession of it at the time it was recovered, and was at that time acting with Brown and Oliver. The record is silent touching any statement consistent with his innocence at the time he was arrested while in possession of the car. That possession of recently stolen property is sufficient to sustain a conviction for the theft of the property has been affirmed by this court in numerous cases, many of which are collated by Mr. Branch in his Ann. Tex. P. C., Sec. 2463. See also Vernon's Ann. Tex. P. C., 1925, Vol. 3, p. 147, note 34; Roberts v. State, 17 Tex. Ct. App. 82.

' Oliver's testimony on direct examination is inculpatory of the appellant. It is not believed that the failure of Oliver's testimony to show that the appellant was present at the moment the car was removed from the place where it was parked was a conclusion that the jury was wrong in rendering their verdict, or that the trial court, in upholding the verdict, abused its discretion. See Anderson v. State, 18 S. W. (2d) 675.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The only contention made in appellant's motion is that the testimony is lacking in establishing beyond a reasonable doubt that this appellant was a party to the theft of the car in question. In the light of the argument in the motion and that contained in the supplemental brief filed by appellant, we have again gone over the facts. While it may be admitted that the trained legal mind may find here and there a seeming flaw in the connection, yet it must be admitted that there is ample testimony to justify the jury in concluding the guilt of the accused. With two other companions he idled around the city of Abilene in the night-time, first one place and then another, walking here and there. It was known to all three that neither of the others owned a car. At one point there was a brief separation, and one of the trio came back to where another one of them was,—driving the car in question. They both proceeded to where appellant was, and all three of them got in the car, and, like the Arabs, folded their tents and silently slipped away in the night from Abilene, down across Coleman and Brown counties, where they next appeared at Goldthwaite in Mills county, appellant going under the name of Bill Smith, he driving the car, and the trio endeavoring to sell turkeys evidently stolen but

which were claimed by appellant as being the property of his grandmother. The State's case was uncontested. We think its facts sufficient.

The motion for rehearing will be overruled.

*Overruled.*

HAWKINS, J., absent.