OPINION
WOODARD, Justice.
This is an appeal from a judgment of conviction for driving while intoxicated. The Appellant was ordered to pay a $600.00 fine, plus costs and sentenced to thirty days’ in jail, which sentence was probated for one year. We affirm.
The Appellant visited a Midland bar from 11:00 p.m. to 1:50 a.m. on the night of May 20, 1988, and consumed several drinks. He met with two women in the parking lot upon leaving, and they all agreed to rendezvous at a restaurant for breakfast. Deputy Sheriff McKnight, homeward bound after a “moonlighting” shift as a special officer at the bar, happened to exit the parking lot at the same time and traveled in the trail of the Appellant. Upon observing erratic driving, the officer stopped the Appellant. Appellant exhibited bloodshot eyes, slurred speech, unsteadiness and he smelled of alcohol. Officer McKnight arrested the Appellant at about 2:15 a.m., and another officer administered an intoxilyzer test upon the Appellant at approximately 3:12 a.m. The test revealed a blood alcohol level of 0.17. A videotape of the Appellant was also made at this time. Appellant’s statement that he “was feeling a buzz” was recorded on this tape.
Point of Error No. One alleges the trial court erred in admitting portions, particularly the “feeling a buzz,” of the audio part of the videotape.
On the day of trial, Appellant filed a document entitled “MOTION TO SUPPRESS AUDIO PORTION OF DWI VIDEO.” Several other papers were filed that day, including a nine page Motion to Limit Jury Argument of State. The “Motion to Suppress” was made to the audio portion of the DWI tape on the following expressed grounds: (1) statements not admissible under the Rules of Evidence as they were not res gestae (Graham v. State, 486 S.W.2d 92 [Tex.Crim.App.1972] was cited); (2) statements made in custody are not necessarily res gestae (Harryman v. State, 522 S.W.2d 512 [Tex.Crim.App.1975] was cited); and (3) the statement does not meet the test as set out in Smith v. State, 646 S.W.2d 452 (Tex.Crim.App.1983), in that the statement(s) were not made soon enough after the occurrence of the exciting or shocking event of the Defendant’s arrest for DWI. The record does not disclose any preservation of error by a pretrial ruling in reference to the motion as discussed and pronounced in Riojas v. State, 530 S.W.2d 298 (Tex.Crim.App.1975). At the time of the offering of the evidence in trial, Appellant’s attorney obtained permission to approach the bench and made the following bench remark:
Your Honor, at this time, the Defense reurges its Motion to Suppress the audio portion of the DWI video on the basis ' already stated and set out for the Court in its written motion in this file.
Tex.R.Crim.Evid. 103(a)(1) provides that error may not be predicated upon a ruling unless a timely objection upon a specific ground is made. The generally acknowledged policies of requiring specific objections are to inform the trial judge of the basis of the objection and *917 afford him the opportunity to rule on it, and afford opposing counsel an opportunity to remove the objection or supply other testimony. Zillender v. State, 557 S.W.2d 515 (Tex.Crim.App.1977). In this case, there is no record that the trial judge took judicial notice of the file or for that matter, ever viewed the motion. Additionally, the implication of Appellant’s motion was embodied in the text of the cases cited. The citation of a case holding might be a reasonable way to identify error to an appellate court under certain circumstances, but the exigencies of trial preclude this method from being a plausible way to inform the trial judge of the basis of the objection. A timely and specific objection was not made. Point of Error No. One is overruled.
Point of Error No. Two contends that the trial court erred in overruling the Defendant’s Motion in Limine regarding the “bad faith” offered by the State of intoxilyzer evidence. A motion in limine is insufficient to preserve error in the admission of evidence; the party must object when the evidence is offered at trial. Harrington v. State, 547 S.W.2d 616 (Tex.Crim.App.1977). A general objection of hearsay was made at the time of the offer and admittance of the evidence, but no point of error is predicated upon the overruling of the hearsay objection. Point of Error No. Two is overruled.
Point of Error No. Three advocates that the trial court erred in admitting evidence that was obtained as the result of an illegal stop. A motion to suppress tapes, blood tests and statements made by the Defendant because the officer did not have probable cause to stop Defendant’s vehicle was filed before the trial date. The record does not disclose any ruling thereon by the trial court. Complaint must be pursued to an actual adverse ruling. Bryant v. State, 570 S.W.2d 921 (Tex.Crim.App.1978). No objection was made on this ground when the evidence was offered. Point of Error No. Three is overruled.
Judgment of the trial court is affirmed.