Melquiades Cabral v. The State.

No. 186.   Decided November 24, 1909.

**Theft—Bill of Exceptions—Sufficiency of the Evidence.**

Where, upon appeal from a conviction of theft over the value of $50, it appeared from the record that the bills of exception were entirely too general to be considered, and the testimony was sufficient to sustain the conviction, the same will not be disturbed.

Appeal from the District Court of El Paso. Tried below before the Hon. James R. Harper.

Appeal from a conviction of theft over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wycliffe J. Bryan,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—This appeal is prosecuted from a conviction of theft of personal property over the value of fifty dollars, had in the District Court of El Paso County on June 23d, of this year, wherein appellant's punishment was assessed at confinement in the penitentiary for a period of two years.

There is no bill of exceptions in the record except a general one grouping all the matters complained of on the trial and which is too general to be considered, and the complaint of the court's charge is of the most general character, being to the effect, in substance, that the court erred materially in failing in his charge to the jury to instruct them as to what standard of value they should be guided by in determining the reasonable value of the articles alleged to have been stolen, and in failing to peremptorily instruct the jury to find the defendant not guilty as requested. An examination of the charge

of the court does not disclose to us any error therein. The property alleged to have been stolen consisted of one saxophone of the value of $64, two bracelets of the value of $90 each, and eight neckties of the value of 50 cents each. A short time after the theft appellant was found in possession of and offering the saxophone for sale. To the witness Jaffa, who was a second-hand dealer, he explained that the saxophone had been sent to him by an uncle or brother in California to be sold. To the officer, Hinkley, he stated that this instrument had been sent him for sale by his brother. Appellant claimed to have found the saxophone, and introduced several witnesses to this effect. He denied that he had ever stated that a sick musician had sent it to him to sell, or that his uncle or brother had sent it to him to sell. The jury were fully instructed with reference to the effect of recent possession of stolen property as well as reasonable explanation thereof. The testimony, while not entirely satisfactorily, is, as we believe, under the authorities sufficient, and we do not think we would be authorized to set aside the verdict of the jury so determining, or put ourselves in opposition to the action of the trial court which permitted such verdict to stand.

　　The judgment is affirmed.

*Affirmed.*