DAVID SCOGIN v. THE STATE.

No. 8488.    Delivered January 21, 1925.

Rehearing granted June 3, 1925.

**1.—Selling Intoxicating Liquor—Charge of Court—Collateral Offenses.**

Evidence of collateral crimes are admissible for the purpose of showing intent, system etc. When the state seeks to attack the credibility of a witness by proof that he has been indicted or legally charged etc., this rule has no application. Appellant's requested charge was properly refused. Distinguishing Lankford v. State, 248 S. W. 389.

**2.—Same—Bills of Exception—Practice On Appeal.**

Where a bill of exception complains of testimony admitted, on the ground that it was hearsay, and if a part of quoted testimony be admissible, and part not, and the bill shows that the objection was *in solido*, and so ruled on, the uniform holding of this court has been that the objection is not well taken.

**3.—Same—Evidence—Properly Admitted.**

Where the issue in the case is, whether the whisky delivered was paid for or was a gift, any fact tending to sustain the proposition of a sale is admissible on behalf of the state, and any fact tending to show the transaction a gift, was admissible for the defense. Wharton Crim. Evidence, Sec. 24.

**4.—Same—Impeaching Witness—Held Proper.**

There was no error in permitting the state on cross-examination of appellant's witness to ask him if he had not been theretofore indicted for certain felonies. This matter has been too often decided adversely to appellant's contentions to need citation of authorities. See sec. 167 Branch's Ann. Tex. P. C.

ON REHEARING

**5.—Same—Charge of Court—Issue Not Raised—Error.**

Where there was no testimony that the sale was made for either medicinal mechanical, scientific or sacramental purposes, a charge of the court submitting this issue was error. While the failure to observe the rule invoked, would not warrant a reversal in every case, in the present case the transgression of the rule is regarded as prejudicial to the appellant, and for this error, the affirmance is set aside and the cause reversed and remanded. See opinion on rehearing for discussion and collation of authorities.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. L. D. Guinn, Judge.

Appeal from a conviction of selling intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Adams & Moore,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Nacogdoches County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Dan Stoker and Lonnie Kerr went together to appellant's house on the occasion in question, Stoker going into the kitchen with appellant on their arrival and Kerr going into another room. Their purpose in going to appellant's house was to get whiskey. When they left Stoker had a pint of whiskey. He says he paid appellant a dollar for it and that Kerr contributed fifty cents of the dollar which he paid to appellant. Kerr testified that he gave to Stoker fifty cents with which to pay for half the liquor. Appellant and his wife testify that there was no sale to Stoker, that Stoker had some kind of liquor in a bottle and that appellant filled up the bottle with ''shinney'' but that no money was paid therefor. This is a sufficient statement of facts.

The trial court was asked to give a special charge to the effect that the jury could not consider evidence of another crime introduced as affecting appellant's credibility, unless they believed beyond a reasonable doubt the accused to be guilty of such other crime. Exception was taken to the refusal of this requested charge, and reliance is had on the Lankford case, 248 S. W. Rep. 389. Ap-

pellant misapprehends the effect of the decision in that case. The principles involved there and here are entirely different. We have always held that as affecting the credibility of a witness, and this of course includes the accused when he takes the witness stand, it may be shown that such witness has been indicted or legally charged with a felony or an offense imputing moral turpitude. In the Lankford case, supra, evidence was admitted of the commission of other crimes by the accused for the purpose of showing him guilty of the charge for which he was on trial. When the State undertakes to prove that the accused has committed some collateral crime for the purpose of showing intent, system, etc., the rule in the Lankford case has application. When the State merely seeks to attack the credibility of a witness by proof that he has been indicted or legally charged, etc., the rule has no application. The charge was properly refused.

Bill of exceptions No. 3 presents complaint of the admission of certain testimony. It and the objection thereto are quoted as follows:

"Lonnie and I paid for the shinney; Lonnie paid four bits and I paid four bits. I gave the money to the defendant and the liquor was delivered to me. Lonnie was in where the girl was when I went into the kitchen. (S. F. No. 4.)

"The defendant objected to the testimony as being hearsay and not in the presence and hearing of the defendant, and extraneous; prejudicial, in that it was bolstering and reenforcing the testimony of the witness Dan Stoker as to the transaction in that the giving of the money to the witness by Lonnie Kerr was hearsay, in that it was not done in the defendant's presence."

The office of a bill of exceptions is to bring before the appellate court that which was deemed objectionable, and unless its objectionable character be self-evident, enough of the surroundings to manifest that fact. These things should be made plain in the bill itself. Analysis of the testimony objected to in this case as above quoted, and the objections made thereto, makes clear the proposition that the testimony was not hearsay, and was not of a matter transpiring out of the presence and hearing of the appellant. Part of it might have been, but there is nothing in the bill which shows that any part of it in fact was. If part of quoted testimony objected to be admissible and part not and the bill shows that the objection was in solido and so ruled on, the uniform holding of this court has been that the objection is not well taken. What we have just said applies substantially to the complaint set out in bill of exceptions No. 6 wherein is presented appellant's objection to the following testimony of witness Kerr:

"I did see the defendant there that day. I didn't go into the dining room or out to the well. I paid for something gotten there that day. I gave Dan Stoker $.50; when Dan left there that day

he had a pint bottle full of shinney. The first time I saw that bottle was a short time after we left David's house."

To this the following objection was made:

"The defendant objected to the above set out testimony as being hearsay and extraneous as to this defendant, and is bolstering up and bringing before the jury reenforcement in behalf of the State by hearsay declarations of Lonnie Kerr, over which the defendant had no control or opportunity to know about, in that the same is not admissible directly and can not be at this time admitted as the witness Dan Stoker had not been impeached or attempted to be impeached, and said testimony is not an exception to the hearsay rule."

Manifestly much of this testimony is wholly without fair objection. This brings the bill clearly within the rule just referred to.

We are presented with a rather peculiar state of facts. Bill of exceptions No. 3, above discussed, states that the testimony showed that Kerr gave the money to Stoker before they went to appellant's house; bill No. 6, last discussed, shows an admission of the State's attorney that it was paid to Stoker by Kerr after they left the house, but how long after does not appear. The statement of facts does not make it plain whether the money was given by Kerr to Stoker before or after they left appellant's house, or while there, but there is no dispute of the fact that Stoker conducted the entire negotiation and paid to appellant all the money, if any, for the liquor.

We do not believe the testimony set out in either bill to be hearsay, nor that it sought to bolster up the testimony of Stoker by hearsay declarations of Kerr. That Kerr gave money to Stoker to be used in paying for part of the whiskey, was material and competent testimony whether it was handed to him before they went to the house of appellant or after they left, under the facts of this case. Appellant's defense was that he gave Kerr the liquor and received nothing for it. The State's theory was that Stoker paid a dollar for it. Any fact tending to sustain the proposition of a sale is admissible on behalf of the State. Any fact tending to show the transaction a gift, was admissible for the defense. Mr. Wharton, in Sec. 24 of his work on Criminal Evidence, states as follows: "All facts which tend to sustain or to impeach a logically pertinent hypothesis, are admissible," and cases are cited from every state in the Union as supporting the text. The pertinent hypothesis in the case before us is, that Stoker paid for the whiskey. Did the testimony in question tend to sustain that proposition? To illustrate, Stoker says he paid fifty cents for himself and fifty cents for Kerr. The proven delivery of fifty cents by Kerr just before or just after Stoker got the whiskey must unquestionably be considered a strong circumstance tending to support the proposition of payment by Stoker. That this took place out of the presence of appellant cuts

no figure. If the issue had been whether Stoker got a bottle of liquor from appellant,—he affirming and appellant denying,—it could not be debated at all that Kerr would have been properly allowed to testify that immediately after leaving the house Stoker exhibited to him a bottle of whiskey. Suppose the accused be charged with assault with a knife or other weapon, the injured party affirming, the accused denying the fact of any assault with such weapon. That a weapon corresponding with that testified to by the injured party was picked up at the scene by third parties could be un- questionably shown by testimony of such parties, and the fact that it was picked up out of the presence of the accused, would be wholly immaterial as affecting admissibility. Again, appellant affirms that he gave the liquor to Stoker, the latter affirming that he paid for it. Suppose appellant could show by satisfactory proof that just before Stoker came to his house he had been thoroughly searched and had no money, or that he could prove that Stoker had stated to parties just before coming to his house that he had no money, such things would be material and provable and the fact that they occurred out of the presence and hearing of the appellant would furnish no ground of objection. Illustrations might be multiplied indefinitely.

Bill of exceptions No. 9 presents objection to questions on cross-examination of a witness asking if he had not been theretofore indicted for certain felonies. The bill presents no error. The matter has been too often decided adversely to appellant's contention to need citation of authorities. See Sec. 167, Branch's Ann. P. C.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In the motion, attention is directed to the paragraph of the court's charge in these words:

"You are further instructed that if the State shows that a party sold intoxicating liquor it rests upon the party selling to show that he sold such intoxicating liquor for either medicinal, mechanical, scientific or sacramental purposes."

There was a timely exception to this paragraph upon the ground that it was misleading in that it submitted to the jury an issue not raised by the evidence. The State's testimony was to the effect that the appellant sold whiskey to he purchaser named in the indictment. The testimony introduced by the appellant controverted the alleged fact of the sale but presented no theory of justification, if in fact a sale was made. Under such circumstances, the charge in question was manifestly upon an issue not raised by the evidence, and in the opinion of the writer, it was calculated to mislead the jury by

impressing them with the view that in the absence of justifying evidence, a conviction must result. The principle that the charge of the court must conform to the allegations of the indictment, be applicable to and limited by the evidence, is asserted and emphasized by many authorities. and denied, so far as the writer is informed, by none. See collation of decisions of this court in Michie's Ency. Digest of Texas Rep., Vol. 4, p. 561. As illustrative of the announcement upon the subject, we take from the opinion of this court, written by Judge Davidson, in the case of Thomas v. State, 34 Texas Crim. Rep. 481:

" 'If the court assumes and charges on a theory not raised or indicated by the evidence, it is radical error, and fatal to the conviction.' Ross v. The State, 10 Texas Crim. App., 455; Taylor v. The State, 13 Texas Crim. App. 184; Hardin v. The State., Id., 192; Stewart v. The State, 15 Texas Crim. App. 598; Lynch v. The State, 24 Texas Crim. App., 350. 'However correct a principle of law may be in the abstract, it is error to give it in charge where there is a total want of evidence to support the phase of the case to which it is applied.' Conn v. The State, 11 Texas Crim. App., 390; Lynch v. The State, 24 Texas Crim. App., 350. A charge should contain the law of the case; that is, the law applicable to the indictment and evidence adduced on the trial of the case.''

In many recent cases involving the same statute as that upon which the present prosecution is founded, attention has been drawn to the rule which has just been stated. Deshazo v. State, 262 S. W. Rep. 764. The Robert's case, 90 Texas Crim. Rep. 133, is not regarded by the writer as being in conflict with the rule mentioned. In that case the point under consideration was the construction of a statute which has since been amended in the particulars described in Jones v. State, 257 S. W. Rep. 895, and other cases. In a case where there is evidence suggesting that a sale of intoxicating liquor was for one of the purposes permitted under the Constitution and statute, it is proper to give an instruction informing the jury that if they believe from the evidence, beyond a reasonable doubt, that a sale of intoxicating liquor was made by the accused, a conviction would be authorized unless the evidence raises in their minds a reasonable doubt as to whether the sale was for the permitted purposes to which the evidence is addressed. But where there is no evidence that the sale was made for one of the permitted purposes, no instruction should be given upon that subject for the reason that it submits to the jury an issue which the evidence does not raise. See Walker v. State, 267 S. W. Rep. 760; Johnson v. State, 266 S. W. Rep. 155, especially page 157.

The failure to observe the practice would not warrant a reversal in every case. In the present case, however, considering the evidence, the transgression of the rule was, in the judgment of the

writer, prejudicial to the appellant. For that reason the motion for rehearing should be granted, the affirmance set aside, the judgment reversed and the cause remanded.

*Reversed and remanded.*