### JOHN NUGENT v. THE STATE.

No. 8756.    Delivered June 6, 1925.

Rehearing denied June 17, 1925.

#### 1.—Murder—Continuance—No Diligence Shown—Properly Refused.

Where on a trial for murder, appellant moved for a continuance on account of the absence of a number of witnesses, and it is shown that the indictment was returned on August 23, 1923, and no process for said absent witnesses was issued until February 21, 1924, nothing appearing that any process had been served, nor whether it had been returned, or whether alias process had been secured, no diligence is shown and the motion was properly refused.

#### 2.—Same—Evidence—Res Gestae—Properly Admitted.

Where a witness testified as to statements made to him by deceased about forty minutes after being shot, said witness being the first person who reached deceased after the shooting such statements were admissible as *res gestae* declarations, notwithstanding they may have been responsive to a question asked deceased by the witness. See Branch's Ann. P. C., Sec. 83, for collation of authorities. Following Johnson v. State, 46 Tex. Crim. Rep. 294 and other cases cited in opinion on rehearing.

#### 3.—Same—Evidence—Cross-Examination—Latitude of.

Where a state witness on cross-examination testified that he had had bad trouble with appellant, the court properly refused to permit appellant to go into details as to such trouble, there being no relevancy between the issue of appellant's general reputation, and such cross-examination.

#### 4.—Same—Practice Trial Court—Discretion of Judge.

The conduct of the trial of a case in the court below is governed by the trial judge, and broad latitude is allowed in his control of the case, within his sound discretion. A complaint that appellant's counsel was not granted time in which to talk to his witnesses after the State had closed, which does not show injury, or abuse of the discretion of the trial court in such refusal, presents no error, and especially so in the instant case, where appellant introduced but one fact witness, his brother, and a number of character witnesses.

#### 5.—Same—Bills of Exception—When Multifarious—Not Considered.

This court has repeatedly held that bills of exceptions which are multifarious in that they set out in separate paragraphs different objections to different matters, some of which are admissible, and others not resting upon the same footing, and the joining of such matters in one bill of exception is a plain violation of the rules, and such bills present nothing for our review.

6.—Same—Argument of Counsel—Held, Proper.

Argument of counsel for the state, which is limited to a discussion of the evidence introduced, together with fair and reasonable deductions drawn from facts in the case, is legitimate, and proper, and the statement of the district attorney in the instant case that appellant shot deceased from behind and shot his arm off, was perfectly proper, and supported by the evidence.

### ON REHEARING

7.—Same—Assignment of Error—Practice on Appeal—Bills of Exception.

Assignments of Error have no place in the practice on appeal in criminal cases. This court looks to bills of exceptions, which are subject to the rules laid down in civil cases. Bills must show within themselves clearly and intelligently that which is asserted as error, why it is error; the purpose for which the testimony is offered; the objections made thereto, or reasons in support of same, and must not contain different statements made by different people at different times and places to which distinct objections might have been made.

Appeal from the District Court of Henderson County. Tried below by Hon. Royal R. Watkins, Judge, sitting for Hon. Ben F. Dent, Judge.

Appeal from a conviction of murder; penalty, five years in the state penitentiary.

The opinion states the case.

*Ernest A. Landman,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Henderson County of murder, and his punishment fixed at five years in the penitentiary.

Appellant and deceased were brothers and, according to the State's testimony, had had a disagreement. Deceased was down on a lake fishing. Appellant was also down there. The two men met and appellant shot and killed deceased. Appellant claimed that deceased was advancing upon him with a hoe. These theories seemed to have been submitted to the jury in a charge apparently satisfactory to the accused. His complaints are of other parts of the trial.

Appellant sought a continuance for various witnesses. The indictment herein was filed August 23, 1923, and as far as we learn the first process applied for by appellant was February 21, 1924. None of the process is attached to or set out, either in the application for continuance or the bill of exceptions complaining of its refusal. It does not seem to be contended that any of the process had been served, and nothing appears to show whether it had been returned, or whether alias process had been secured, and no showing why such

action had not been taken. No such facts are stated as will enable us to know whether diligence was exercised. The learned trial judge was in a better position to know about this than we are from this record, and we see no reason for doubting the correctness of his ruling.

Complaint appears in another bill of the reception of the testimony of a witness who appears to have gotten to deceased soon after the shooting. He was not far away and states that he got there in about forty minutes. Deceased was suffering intensely, part of his face and arm being shattered by shot from a shotgun. As far as revealed by the bill of exceptions this witness was the first person who got to deceased after the shooting. It is stated in the bill as one of the grounds of objection, that this witness asked deceased a question, but the question is not set out, and under the authorities this objection would appear to avail nothing. It is also urged that the statement was not res gestæ, but we are not inclined to believe the contention sound. In Sec. 83 of Mr. Branch's Annotated P. C. many authorities are cited fully covering a case like this and apparently supporting our conclusion that this testimony was res gestæ. Deceased stated to this witness: ''We didn't have any words; John just stepped out of the grass there and throwed up, his gun and said: 'G—d d—n you, I am going to kill you,' and just commenced shooting.'' We think the objections not well taken.

State witness Morrow was asked on cross-examination if he and appellant had not had trouble, and admitted that they had. Asked further, what kind of trouble, witness said bad trouble and that he did not want to discuss it. At this point the State objected to further inquiry as to the kind and character of the trouble, and the objection was sustained. It seems that the ground urged for its admission was that appellant's reputation was at issue. We see no relevancy of the testimony to this point, and further observe that the bill does not show what the answer of the witness would have been if he had been permitted to make it. No error appears in this matter.

Nor have we been able to perceive error in the refusal of the court to allow appellant further time after the State had closed its case, in which to talk to his witnesses. The bill states that the court then informed appellant that he had had two days and that he would not allow him any more. The bill discloses no abuse of the discretion of the trial court in this matter of procedure.

Appellant's bill of exceptions No. 5 sets out in five separate paragraphs words, acts and conduct of deceased with various parties other than appellant. No facts are stated in any of said paragraphs informing this court as to what reason there might be for the introduction of said testimony. The mere statement that the facts stated were known to appellant, would not put the trial court nor this

court in possession of any legal reason for admitting such testimony. Several of said paragraphs set out matter not admissible and the bill is clearly multifarious. The matters set out in the separate paragraphs thereof were neither the same nor resting on the same footing as to their admissibility, and the joining of such matters in one bill of exceptions is a plain violation of the rules. Some might be admissible and others not so. It would also seem a work of super-erogation to call attention to the fact that unless the trial court was apprised in some way of some reason for admitting the testimony of independent transactions, which reasons would have to appear in the bill of exceptions for the information if this court, we would uphold the action of the court below in rejecting the testimony.

We have carefully considered bill of exceptions No. 6 taken to the remarks of the county attorney and believe said counsel to be within the record. The testimony shows that the shots which killed deceased came from the rear and that the bones of one of his arms were shattered. We do not think it any abuse of argument for State's attorney to tell the jury that appellant shot deceased from behind and shot his arm off.

Finding no error in the record, the judgment will be affirmed.

*Affirmed*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that we were wrong in holding him without diligence in the matter of his application for continuance. In addition to what we said before, we observe that the term of the court below at which this indictment was returned, convened August 20, 1923, and the indictment was filed August 23rd. Court remained in session more than six weeks thereafter and no subpoenas were issued, as far as this record indicates, until the succeeding term, which was in February 1924. This trial term convened on the 4th of February and no subpœnas were issued until the 21st of said month. We have again examined the application and are confirmed in our conclusion that same shows no diligence.

That a statement was made wholly or in part in response to a question, would not prevent it being res gestæ. Johnson v. State, 46 Texas Crim. Rep. 294; Long v. State, 48 Texas Crim. Rep. 175; Hobbs v. State, 55 Texas Crim. Rep. 302. The question asked deceased, which is discussed in Lockhart v. State, 111 S. W. Rep. 1025, cited by appellant, is stated in the opinion in that case to have been leading, and it was also stated that in the answer thereto matters were introduced not germane.

This court knows nothing of any case before it, save what appears in the record. A bill of exceptions setting forth that when the State

had introduced its testimony, the attorney for the defense asked for time to talk to his witnesses, and that the court replied that he had had two days to talk to them and the trial must proceed, gives us nothing to predicate error in the refusal of such time. Nor does it help us to state in the bill that the trial began on March 3rd and the State rested its case the afternoon of the 4th, and that during that time a venire of seventy-five men had been exhausted and thirty additional talesmen had been summoned, the jury completed, and the State's testimony introduced. Ordinarily the accused does not wait until the trial begins to talk to his witnesses and find out what their testimony will be. In this case the defensive testimony covers twenty pages of the statement of facts, fifteen of which contain the testimony of appellant and his brother. All of the other witnesses but one were character witnesses. This wholly fails to show any error in the refusal of the trial court to stop the proceedings in order to give appellant time to talk to his witnesses.

Appellant presents his case on assignments of error which are not called for in practice before this court, but we made no point thereon in the original opinion. Nor do we lay down any strict rules regarding bills of exception, which are looked to as the method of presenting errors in practice before this court. All of our decisions, however, agree that the rules laid down by the civil courts control. The plain well understood rule is that every bill of exceptions must show within itself that which is asserted as error, and also why the thing complained of is error. If the complaint is of the rejection of testimony, the bill should show that the purpose for which the testimony was desired, was stated. It is also laid down by many authorities that the objection made thereto by the State, should appear in the bill. It is also well understood that a bill which sets out evidence, a part of which is admissible and other not, presents no error where a blanket objection is made. Nor should a bill set out different statements of different people made at different times and places and to which distinct objections might have been made. We held appellant's bill No. 5 originally to be not in such condition as that we could consider it, and we see no reason to change our conclusion.

The motion for rehearing is overruled.

*Overruled.*