## NED MINOR V. THE STATE.

No. 10251.   Delivered October 13, 1926.

**1.—Murder—Charge of Court—No Error Shown.**

Where, on a trial for murder, the appellant disclaimed any purpose of arming himself on account of threats made against him by deceased, and there was no issue of provoking the difficulty in the case, it was not error for the court to fail to charge the jury that if appellant's wife had informed him of threats made against him by the deceased, he had the right to arm himself and go and demand an explanation.

**2.—Same—Bills of Exception—Incomplete—No Error Shown.**

Where bills of exception complain of the court's refusal to permit witnesses to answer questions propounded, and fail to show what the answers of the witnesses to the questions propounded would have been, obviously such bills cannot be intelligently appraised by this court, and present no error.

**3.—Same—Impeaching Witness—Held, Proper.**

It has always been held permissible and proper to impeach any witness in a criminal case, by showing on his cross-examination, that he has been previously indicted for a felony.   See Branch's P. C., Sec. 167.

**4.—Same—Impeaching Witness—Held, Proper.**

It is always proper to impeach a witness by proving the animus or interest of such witness, and where a witness had testified in behalf of appellant, there was no error in proving that such witness had stated to the constable that, he and the defendant were going to kill the deceased that night, such testimony having been limited for impeaching purposes in the court's charge.

Appeal from the District Court of Upshur County.   Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction of murder, penalty thirty years in the penitentiary.

The opinion states the case.

*M. B. Briggs, Briggs & Davis,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is murder, and the punishment is thirty years in the penitentiary.

Bill No. 1 is a repetition of appellant's motion for a new trial embracing every ground of objection which appellant urged in the case. This bill shows no error. Nugent v. State, 273 S. W. 598; Leto v. State, 143 S. W. 184; Cabral v. State, 122 S. W. 872.

By bills Nos. 2 and 3 complaint is made at the court's refusal to instruct the jury that if appellant's wife informed him of a threat made against him by deceased he had a right to arm himself and go and demand an explanation. The court qualified these bills by stating that appellant disclaimed any intention of arming himself for said purpose, and besides the charge discloses that no limitation was placed upon appellant's right of self defense by the trial court. Under these conditions no error is manifest by these bills.

Bills Nos. 4, 5, 6 and 9 relate to the admission and rejection of testimony, but in each instance they fail to show what the answer of the witness to the questions propounded would have been. In this condition of the record the bills cannot be considered.

By bill No. 12, complaint was made because the state was permitted to prove that the appellant was under indictment for a felony. This testimony was admissible as bearing upon the credibility of appellant as a witness. Wright v. State (opinion rendered March 17, 1926). See also Branch's Ann. P. C. Sec. 167.

Another bill complains at the court's action in permitting the constable to testify that one Morris Minor had stated to the constable that he and defendant were going to kill deceased that night, the objection being that the statement was made in the appellant's absence. The court qualifies this bill by stating that this testimony was offered for impeachment purposes only and was so limited in the court's charge. Under the unbroken line of decisions in this state it is always permissible to prove animus of the witness. This is never regarded as irrelevant or immaterial and we think it clearly admissible to show that the witness Morris Minor had made threats against the life of the deceased as bearing upon his animus as a witness in this case.

We have carefully examined the other questions presented and believe that none of them show reversible error. The judgment is accordingly affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.