## Lee Bedgood v. The State.

No. 11107.   Delivered February 1, 1928.

Rehearing denied March 7, 1928.

**1.—Rape — Evidence — General   Reputation   of . Prosecutrix — Properly Admitted.**

Where on a trial for rape on a female 17 years of age with her consent, appellant had assailed the reputation of prosecutrix for virtue and chastity, proof of her good reputation became admissible. Following Warren v. State, 54 Tex. Crim. Rep. 443. Also see Underhill's Crim. Ev. (3rd Ed.), par. 621, and other authorities cited in original opinion.

**2.—Same—Corroboration of Witness—Where Assailed—Properly Admitted.**

Where the testimony of prosecutrix on the trial was assailed by appellant by proof of different statements made by her prior to the trial, there was no error in permitting the state to prove statements in accord with her testimony, made by her to her mother and another witness the next day after the alleged rape. See Sentell v. State, 34 Tex. Crim. Rep. 260, and other cases cited.

**3.—Same—Bills of Exception—Multifarious—Present No Errors.**

Bills of exception which complain of all the evidence, a part of which is clearly admissible cannot be sustained. The objection should be directed only to that which is erroneous. See Nugent v. State, 273 S. W. 598, and other cases cited.

ON REHEARING.

**4.—Same—No Error Disclosed.**

On rehearing we find no reason to alter our original opinion, and appellant's motion for rehearing is overruled.

Appeal from the District Court of Navarro County. Tried below before the Hon. Hawkins Scarborough, Judge.

Appeal from a conviction for rape, penalty five years in the penitentiary.

The opinion states the case.

*Davis, Jester & Tarver* of Corsicana, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was convicted under the second count of an indictment charging him with rape of a female under the age of eighteen years and his punishment was assessed at five years imprisonment in the state penitentiary.

Prosecutrix was seventeen years old at the time of the commission of the offense. Appellant was a Singer Sewing Machine agent and testified that on his first visit to see Miss Hammett, shortly after his introduction to her, that she was very affectionate in her attitude toward him and let him embrace her; that she leaned on his shoulder and that she agreed to stop other boys from coming to see her. He returned again shortly thereafter and took her driving. He testified to various acts of intimacy between them, which fell short of any act of intercourse but was evidently intended as evidence to show her lack of chasity. Based evidently upon his testimony, as there was no other of like character introduced, the appellant requested a special charge, which was given by the court, instructing the jury in effect that if the prosecutrix was of previous unchaste character, to return a verdict of not guilty.

The prosecutrix testified to an act of intercourse on the last trip mentioned. This appellant denied.

Complaint is made of proof by the state of the good reputation of the prosecutrix for virtue and chastity. This testimony was not admissible, unless there had been some attack by appellant upon the chastity of prosecutrix. What has been said above shows that appellant raised the issue by his evidence of her lack of chastity, and insisted that same was an issue to be charged on and asked and was given a charge on this issue, as above stated. Appellant having questioned her chastity, the evidence admitted by the court was proper. Warren v. State, 54 Tex. Crim. Rep. 443. Underhill's Crim. Ev. (3rd Ed.), par. 621; Wilson v. State, 17 Tex. Crim. App. 525; Branch's P. C., p. 1003.

By appropriate bills of exception appellant presents as error the action of the court in permitting the mother of the prosecu-

trix and another witness to give in detail the statements of the prosecutrix made to them the next day after the alleged rape. Complaint of the crime made by prosecutrix to others is admissible, but not the details of such as related to others. Underhill's Crim. Ev. (3rd Ed.), par. 612. An exception to this rule is that the details of her recent complaint which corroborate her may be put in evidence for the purpose of sustaining her as a witness in those cases where the defendant has sought to impeach her by proof of contradictory statements made by her as to the alleged rape. Sentell v. State, 34 Tex. Crim. Rep. 260; Simpson v. State, 46 Tex. Crim. Rep. 551; Northcutt v. State, 158 S. W. 1005. In this case the appellant introduced evidence to the effect that the prosecutrix said to certain witnesses that there had been no penetration, which was contradictory to her evidence given on the trial. This clearly entitled her to prove that she made statements similar to the one given on trial to her mother and another witness soon after the alleged transaction. If there are other inadmissible statements in the testimony of these witnesses, appellant is not in position to complain, as a blanket objection was made to all of the evidence, a part of which is clearly admissible. There was no motion to strike out the inadmissible portions, if there were any, and no attempt to segregate them from that which was admissible as corroborative of prosecutrix. In this condition of the record, the bills present no error. Nugent v. State, 273 S. W. 598; Scogin v. State, 273 S. W. 575; Zweig v. State, 171 S. W. 751; Ghent v. State, 176 S. W. 568.

We have examined the other bills appearing in the record and finding no error in any of them, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his testimony, the appellant, in great detail, described the conduct of the prosecutrix at the beginning of their acquaintance and soon thereafter, and as portrayed by him, her conduct indicated unusual boldness in seeking his society and a marked degree of immodesty in her enjoyment of it. Without entering into detail, her conduct towards him, as he related it, was of a nature not unlike that which was discussed in the case of Normal v. State, 89 Tex.

Crim. Rep. 330, wherein such testimony was held admissible upon the issue of unchaste character. In support of the principle recited in Norman's case, supra, are the following: Underhill on Crim. Ev., Sec. 381; Coons v. State, 49 Tex. Crim. Rep. 256; Snodgrass v. State, 36 Tex. Crim. Rep. 211; Creighton v. State, 41 Tex. Crim. Rep. 101; Davis v. State, 36 Tex. Crim. Rep. 550; Nolan v. State, 48 Tex. Crim. Rep. 438; Bailey v. State, 36 Tex. Crim. Rep. 546; Barnes v. State, 37 Tex. Crim. Rep. 326; Parks v. State, 35 Tex. Crim. Rep. 380..

At the request of the appellant, the court instructed the jury in substance that if the act of intercourse with the prosecutrix took place and if at that time she was more than fifteen and less than eighteen years of age and of unchaste character, an acquittal should result. Appellant insists that the requested instruction was warranted by the testimony of the physician who examined the prosecutrix after the alleged act of intercourse and who described her condition, which was such as to show that her female organ was swollen and the hymen was broken and other circumstances indicating that there had been recent pressure causing swelling and bleeding which had not, at the time of his examination, had time to heal. Inasmuch as this testimony relates to the condition after and not before the offense was alleged to have been committed, its pertinency upon the issue of previous want of chastity is not manifest. However, if it be conceded to have been relevant upon that issue, the same is true with reference to the conduct of the prosecutrix to which the appellant testified as occurring antecedent to the time of the alleged offense. As stated in the original opinion, the contradictory declarations imputed to the prosecutrix justified the receipt in evidence of testimony showing her previous declarations consistent with facts given upon the trial. The fact that some of her statements embraced in the bill of exceptions in which complaint was made of all of them may not have been admissible would not, as stated in the original opinion, be ground for reversal. See Payton v. State, 35 Tex. Crim. Rep. 510; Cabral v. State, 57 Tex. Crim. Rep 304, and numerous other authorities cited in Branch's Ann. Tex. P. C., Sec. 211.

The motion for rehearing is overruled.

*Overruled.*