### REFUGIO FLORES v. THE STATE.

No. 11600. Delivered May 2, 1928.
Rehearing denied October 3, 1928.

482

The opinion states the case.

*Tarlton & Lowe,* of Corpus Christi, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of equipment for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

Operating under a search warrant officers went to the residence of appellant and during his trial testified that they there found a five gallon jar full of whisky and a stone jug nearly full. Asked by the officers where the still was with which he made this whisky, appellant answered, pointing to another room, "It is in there." He then showed them where it was and in response to questions told them the coil was down in the pasture and went and showed an officer where it was and afterwards showed them where the barrel was that the mash was made in. A blanket objection was made to all of this testimony for many reasons, first of which was that the search warrant being issued upon an affidavit based upon information and belief without stating any facts, was invalid and the above testimony being obtained under such a warrant, was inadmissible. An inspection of the affidavit reveals that it was clearly invalid under the statute and under the decision of this Court announced in Chapin v.

State, 296 S. W. 1095, and subsequently followed in many cases. The presence of the whisky in appellant's residence having been revealed by reason of a search under such invalid warrant, the testimony with reference thereto was inadmissible.

However, a different question is presented with reference to the admissibility of the evidence of the finding of the still and equipment. The bill of exception presenting this matter has been qualified by the Court without objection by appellant in the following language:

"Because the witness testified that after the search warrant had been presented to the defendant and while he was under arrest the defendant showed the officers the still and directed them to its equipment upon their request that he do so and the still and equipment was discovered by the officers acting on this information."

We think that all testimony with reference to the finding of the still, the coil and the barrel of mash came within the terms of Art. 727, C. C. P., inhibiting the admission of certain confessions "unless in connection with said confession he makes statements of facts or circumstances that are found to be true which conduce to establish his guilt. * * * " Weller v. State, 16 Tex. Crim. App. 200. For a full collation of authorities see Vernon's C. C. P., Vol. 2, P. 827; also Underhill's Criminal Evidence, Third Edition, Paragraph 230.

A blanket objection having been made to the admissibility of all the testimony relating both to the finding of the whisky and the still without any specific objection or motion to strike out the inadmissible portion, appellant is not in position to complain. The Court was not given an opportunity to rule upon the inadmissible portions separate and apart from the statements which were clearly admissible. See recent case of Bedgood v. State, 3 S. W. (2nd) 99, where the following authorities supporting this conclusion have been collated: Nugent v. State, 101 Tex. Crim. Rep. 86, 273 S. W. 598; Scogin v. State, 100 Tex. Crim. Rep. 389, 273 S. W. 575; Zweig v. State, 74 Tex. Crim. Rep. 306, 171 S. W. 751; Ghent v. State, 76 Tex. Crim. Rep. 523, 176 S. W. 566; Payton v. State, 35 Tex. Crim. Rep. 510, 34 S. W. 615; Cabral v. State, 57 Tex. Crim. Rep. 304, 122 S. W. 872, and numerous other authorities cited in Branch's Ann. Tex. P. C., Sec. 211. Under these circumstances no error is presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's original and supplemental motions for rehearing have been considered. Appellant's position seems not in harmony with the law as announced by all the decisions of this court. Testimony objected to by appellant is set out at length in bill of exceptions No. 1, which is used in the motion as illustrative of appellant's contention. Conceding that part of said testimony was inadmissible for that it consisted of a narration of what was found in appellant's private residence as the result of the search under an illegal warrant, still said testimony also contained a narration of what was found by the officer on said occasion elsewhere than in said residence,—and the objection made being of said testimony as a whole,—the bill is not good under the rules stated in the original opinion and under the authorities. Said bill contains practically twenty pages and presents numerous objections and testimony given by the witness under various examinations before the court and jury, much of which testimony was clearly admissible, and was of the finding of articles on appellant's premises which conduced to establish his guilt. We do not think the accused can claim that his objection was made "only to those things found by the officers in response to their illegal search" and thus avoid the fact that in his bill he sets out as the objectionable testimony all the testimony given by the officers as to what took place at the time and place of the search.

Being unable to agree with appellant, his motion for rehearing is overruled.

*Overruled.*