LEONARD PETTIT V, THE STATE.

No. 17854. Delivered January 22, 1936.

The opinion states the case.

*Robt. A. Sone,* of Sweetwater, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft of property over the value of fifty ($50.00) dollars, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The testimony shows that on Sunday night, March 18, 1934, about nine o'clock a Ford automobile belonging to W. A. Vaughn was stolen while parked in front of the home of Walter Davidson in the town of Snyder. Two days later it was found covered with brush in a branch on the appellant's premises and within one-half mile of his home. The discovery was reported to an officer who went to make an investigation. When the officer first asked the appellant if he knew anything about a car down

in his pasture covered with brush, he replied that he did not, but immediately reversed his statement and said that he did; that he bought the car as a birthday present for his wife whose birthday was only a few days off; that he did not want her to know about it in advance and for that reason he ran it into the branch and covered it with brush. The officer asked him if he had a key to the car. He replied that he did and handed it to the officer who, accompanied by appellant, drove the car to town. On the way to town appellant told the officer that he won the car in a poker game at Lubbock from a person whom he did not know and whose name he did not learn, but that the man had promised to send him a proper transfer. An investigation of the car disclosed that the engine number as well as the license plates had been changed.

Appellant did not testify but offered as evidence a bill of sale purporting to have been executed by one Floyd Wright on the 19th of March, 1934, transferring said automobile to the appellant. Thelma Swan, a notary public in and for Lubbock county, testified that said bill of sale was sworn to by the purported owner of said car; that she did not know the person who swore to it and could not identify him as she took no particular note of the transaction and had no independent recollection of it. Appellant contends that the trial court erred in declining to instruct the jury to return a verdict of not guilty because the State had offered in evidence a statement of the appellant when first questioned which was in the nature of an exculpatory statement and which the State had failed to show to be untrue. We do not regard it as an exculpatory statement but rather as an explanation of his possession of recently stolen property. His explanation thereof when first questioned was inconsistent and contradictory in that he first denied any knowledge of the car but immediately thereafter stated that he had bought it from a man at Lubbock, and later stated that he won it in a poker game from some person unknown to him, without giving any description of such person. All of said statements could not be true, which renders it doubtful if any one was true. The car was stolen on Sunday night at Snyder and he claims he won it on said night in a poker game. If that be true, then when was the engine number and license plate on the car changed? When was the ignition changed and by whom? Whether a person stealing a car at Snyder at about nine o'clock P. M. could drive it to Lubbock, get into a poker game, lose it, and change the number on the engine as well as the license plate and the ignition before delivering it to

appellant in time for him to take it home before daylight is a very significant circumstance which no doubt militated against the appellant's explanation.

The court instructed the jury that if they believed from the evidence that the defendant won the automobile in question in a poker game or if they had a reasonable doubt thereof, to acquit him; and further instructed the jury that if they believed from the evidence that Floyd Wright delivered the possession of the car to the defendant or if they had a reasonable doubt thereof, to return a verdict of not guilty. It is obvious that the testimony presented an issue of fact which was submitted to the jury who by law are made the exclusive judges of the facts proven, the credibility of the witnesses, and the weight to be given their testimony and this court will hesitate to disturb their conclusions unless the same is not based on sufficient testimony. See Von Emons v. State, 20 S. W., 1106; Cabral v. State, 57 Texas Crim. Rep., 304 (122 S. W., 872). In the case of Stevens v. State, 154 S. W., 996, this court said: "Where defendant gives more than one explanation, the conflict in such statements may be considered by the jury in determining whether they are reasonable and probably true; and, under such circumstances, it has been held that the judgment will not be reversed on appeal."

Believing that under the circumstances shown in this case we would not be justified in reversing the judgment of conviction, it is therefore in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.