NUMBER 13-99-226-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


ALFREDO SALINAS, SR., Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 105th District Court of Kleberg County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Hinojosa



 A jury found appellant, Alfredo Salinas, Sr., guilty of one count of
aggravated sexual assault of a child. The victim was his five-year-old
daughter. Appellant pleaded "true" to a repeat offender enhancement
paragraph,(1) and the jury assessed appellant's punishment at 40 years
imprisonment. Appellant presents two issues for our review: (1) that
the evidence is insufficient to prove the allegations of penetration and
that the victim was not his spouse and (2) that his 40-year sentence
amounts to cruel and unusual punishment in violation of the Eighth and
Fourteenth Amendments to the federal constitution. We affirm.

A. Sufficiency of the Evidence 


 By his first issue, appellant contends the evidence is insufficient
to prove the allegations of penetration and that the victim was not his
spouse. Appellant has not specified whether he is complaining of legal
or factual insufficiency of the evidence. Because he has prayed for a
reversal of his conviction and a dismissal of the case against him, we
will treat this issue as a challenge to the legal sufficiency of the
evidence.

 When reviewing the legal sufficiency of the evidence, the appellate
court shall look at all the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, No.
1915-98, 2000 Tex. Crim. App. LEXIS 12, at *14-*15 (Tex. Crim. App.
Feb. 9, 2000); Patrick v. State, 906 S.W.2d 481, 486 (Tex. Crim. App.
1995). This standard is applied to both direct and circumstantial cases. 
Earhart v. State, 823 S.W.2d 607, 616 (Tex. Crim. App. 1991); Sutherlin
v. State, 682 S.W.2d 546, 548-49 (Tex. Crim. App. 1984); Rosillo v.
State, 953 S.W.2d 808, 814 (Tex. App.--Corpus Christi 1997, pet. ref'd). 
Sufficiency of the evidence is measured by the hypothetically correct
jury charge, which accurately sets out the law, is authorized by the
indictment, and does not unnecessarily increase the State's burden of
proof. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997);
Cano v. State, 3 S.W.2d 99, 105 (Tex. App.--Corpus Christi 1999, pet.
ref'd). The jury, as the sole judge of the credibility of the witnesses and
the weight to be given their testimony, is free to accept or reject all or
any part of the testimony of any witness. Tex. Code Crim. Proc. Ann.
art. 38.04 (Vernon 1981); Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986), cert. denied, 488 U.S. 872 (1988). 

 Appellant was indicted for the offense of aggravated sexual
assault of a child. The indictment charged that appellant:

on or about June 11, 1998, in Kleberg County, Texas, did
then and there by inserting his sexual organ intentionally
and knowingly cause the penetration of the sexual organ of
[J.A.S.], a female child younger than 14 years of age and not
the spouse of the [appellant].(2)


To prove a case of aggravated sexual assault of a child, the State must
show that the defendant: (1) intentionally or knowingly (2) caused the
penetration by any means (3) of the female sexual organ (4) of a child
(5) younger than 14 years of age. Tex. Pen. Code Ann. § 22.021(a)
(Vernon 1994 & Vernon Supp. 2000). A child is defined as a person
younger than 17 years of age who is not the spouse of the actor. Tex.
Pen Code Ann. § 22.011 (c)(1) (Vernon 1994 & Vernon Supp. 2000). 

1. Evidence that Victim was not Appellant's Spouse


 The State is required to prove that the victim is not the
defendant's spouse. However, direct evidence that the victim was not
the spouse of the defendant is not required; it may be proved by
circumstantial evidence. Martin v. State, 819 S.W.2d 552, 556 (Tex.
App.--San Antonio 1991, no pet.)(evidence that victim was six to nine
years of age when offenses occurred was sufficient evidence that she
was not defendant's spouse); Meyers v. State, 737 S.W.2d 6, 8-9 (Tex.
App.--Corpus Christi 1987, no pet.)(evidence sufficient to support
inference that child victim was not defendant's spouse). In the instant
case, the evidence established the victim was five years of age when
the sexual assault occurred; furthermore, appellant himself testified that
he was the father of J.A.S. Therefore, it is legally impossible that J.A.S.
could be appellant's spouse. See Tex. Fam. Code Ann. § 6.201(1)
(Vernon 1998) (a marriage between parent and child is void).

 We hold the evidence is legally sufficient for a rational finder of fact
to conclude J.A.S. was not appellant's spouse. This sub-issue is
overruled.

2. Evidence of Penetration


 Although the child victim broke down and began to cry on the
stand before the prosecutor was able to elicit anything more from her
than her father, Fred, "did something" to her, there was other evidence
admitted to show appellant penetrated the victim's vagina with his
penis. The victim made her initial outcry to Nellie Flores, the wife of
appellant's nephew, who testified that she saw J.A.S. french-kissing
her seven-year-old brother in the swimming pool. While questioning
J.A.S. about this inappropriate behavior, Mrs. Flores asked her:

if anybody was doing anything to her like that. You know,
like anything that would make her feel bad, like touching her.


J.A.S. began to cry and replied that Fred would "suck her down there"
and pointed to her private parts. Mrs. Flores further testified that J.A.S.
always referred to her father as "Fred." The victim's brother testified
that he had seen appellant do "something bad" to his sister: (1)
touching her in their home in Riviera; (2) that bad touching is touching
in the privates; and (3) that it is wrong for a father to touch his kids like
that. Sonja Eddleman, director of the Sexual Assault Nurse Examiner's
Program at Driscoll Children's Hospital, testified concerning the sexual
assault examination performed upon the victim, which included an
examination with a colposcope, an instrument similar to a microscope
that allows a detailed examination of the genital area. It magnifies the
area up to thirty times without touching the victim. The colposcope
exam revealed two tears in the victim's hymen: an oozing tear in the
11:00 o'clock position, and a well-healed scar at the 6:00 o'clock
position. It takes at least 72 hours, or three days, for such an injury to
heal. The more recent injury could be consistent with a child touching
herself; the older wound, however, was consistent with penetration.
J.A.S.'s medical records from the exam, which were admitted into
evidence, include her statement to the nurse examiner:

When my mom's asleep, my dad, Fred, puts his private in
my butt & in my private (indicating vaginal area by pointing). 
His private has hair & its brown & pee comes out. He kisses
me on my chick. I'm scared cause my mom said not to tell
or she would spank me.


 We hold the evidence is legally sufficient for a rational trier of fact
to conclude appellant penetrated the victim's vagina with his penis. We
overrule this sub-issue.

 Viewing the evidence in the light most favorable to the verdict, we
hold the evidence is legally sufficient to support appellant's conviction. 
Appellant's first issue is overruled.

B. Punishment


 By his second issue, appellant contends the 40-year sentence
imposed on him by the jury violates the Eighth Amendment to the
federal constitution, which was made applicable to state criminal
prosecutions by the Fourteenth Amendment, because the length of the
sentence is disproportionate to the offense. 

 Punishment falling within the applicable range prescribed by the
legislature is not excessive, cruel or unusual. Jackson v. State, 680
S.W.2d 809, 814 (Tex. Crim. App. 1984); Harris v. State, 656 S.W.2d
481, 486 (Tex. Crim. App. 1983); Morales v. State, 897 S.W.2d 424,
427 (Tex. App.--Corpus Christi 1995, pet. ref'd). Aggravated sexual
assault of a child is a first-degree felony. Tex. Pen. Code Ann. §
22.021(e)(Vernon 1994 & Vernon Supp. 2000). If it is shown at the trial
of a first degree felony that the defendant has been once before
convicted of a felony, on conviction he shall be punished by
imprisonment for life or a term of not more than 99 years or less than
fifteen years. Tex. Pen. Code Ann. § 12.42(c)(1) (Vernon 1977). 
Therefore, appellant's sentence was well within the permissible range
for a repeat offender convicted of aggravated sexual assault of a child. 


 Appellant argues, however, that the sentence is disproportionate
to the offense committed, and is, thus, prohibited by the Eighth
Amendment: "Excessive bail shall not be required, nor excessive fines
imposed, nor cruel and unusual punishment inflicted." U.S. Const.
amend. VIII. Appellant urges us to apply the three-prong test for
proportionality set forth in Solem v. Helm, 463 U.S. 277, 292 (1983): 
The proportionality of a sentence should be analyzed by looking at: (1)
the gravity of the offense and the harshness of the penalty, (2) the
sentences imposed on other criminals in the same jurisdiction, and (3)
the sentences imposed for commission of the same crime in other
jurisdictions. Id; see Francis v. State, 877 S.W.2d 441, 444 (Tex.
App.--Austin 1994, pet. ref'd) (assuming the Texas Constitution
requires proportionality and applying the Solem test). Appellant urges
his sentence is disproportionate under the first prong.

 Appellant acknowledges, however, that the Solem test was re-examined by the Supreme Court in Harmelin v. Michigan, 501 U.S. 957
(1991), and that the court held that punishment will be grossly
disproportionate to a crime only when an objective comparison of the
gravity of the offense against the severity of the sentence reveals the
sentence to be extreme. Id. at 994-96. Justice Scalia, joined by Chief
Justice Rehnquist, wrote in a plurality opinion that a mandatory life
sentence without possibility of parole (for, in Harmelin, possession of
more than 650 grams of cocaine) does not constitute cruel and unusual
punishment under the Eighth Amendment. Those two justices believe
the Eighth Amendment contains no guarantee of proportionality. 
Justices Kennedy, O'Connor and Souter concurred in the result, but
believe Solem is correct to the extent that the Eighth Amendment
prohibits "grossly disproportionate" sentences. Id. at 1001. It is
unclear the extent to which the Solem disproportionality test survives
after the Harmelin decision. See Sullivan v. State, 975 S.W.2d 755, 757
(Tex. App.--Corpus Christi 1998, no pet.).

 The Fifth Circuit has analyzed Harmelin and concluded:


we will initially make a threshold comparison of the gravity
of [the appellant's offense] against the severity of his
sentence. Only if we infer that the sentence is grossly
disproportionate to the offense will we then consider the
remaining factors of the Solem test and compare the
sentence received to (1) sentences for similar crimes in the
same jurisdiction and (2) sentences for the same crime in
other jurisdictions.


McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.), cert. denied, 506
U.S. 849 (1992). At least four Texas courts of appeals have applied the
McGruder test in addressing claims of disproportionate sentences. See
Dunn v. State, 997 S.W.2d 885, 892 (Tex. App.--Waco 1999, pet. ref'd);
Mathews v. State, 918 S.W.2d 666, 669 (Tex. App.--Beaumont 1996,
pet. ref'd); Puga v. State, 916 S.W.2d 547, 549-50 (Tex. App.--San
Antonio 1996, no pet.); Lackey v. State, 881 S.W.2d 418, 421 (Tex.
App.--Dallas 1994, pet. ref'd). This Court has not explicitly decided
whether to follow the McGruder test or to retain the old Solem test in
cases raising the issue of disproportionality of the sentence imposed.

 However, regardless which test is utilized, there is no evidence in
the record before this Court as to the sentences imposed in Texas and
other jurisdictions for the commission of similar crimes. Therefore, we
are unable to make a comparative evaluation. See Sullivan, 975 S.W.2d
at 757; Simmons v. State, 944 S.W.2d 11, 15 (Tex. App.--Tyler 1996,
no pet.). We, therefore, overrule appellant's second issue.

 The judgment of the trial court is affirmed.


 FEDERICO G. HINOJOSA

 Justice


Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

31st day of August, 2000.


1. The prior offense was a federal felony conviction for conspiracy to transport
undocumented persons.
2. Appellant was also charged with a second count of aggravated sexual assault
of a child by intentionally and knowingly causing his sexual organ to penetrate the
mouth of the victim, but this count was dismissed by the trial court at the close of the
evidence.