NUMBER 13-01-097-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


EARL MILTON PAYTON, Appellant,

v.


THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 24th District Court of Victoria County, Texas.

__________________________________________________________________


O P I N I O N


Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Yañez


Appellant, Earl Milton Payton, was convicted by a jury of unlawful possession of marihuana. (1) Punishment was assessed
at ten years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. We affirm. 

Background

On September 20, 1999, Officer Plunkett of the Texas Department of Public Safety (DPS) stopped appellant, who was the
driver and sole occupant of a rented Jeep, for failing to observe the speed limit on U.S. Highway 59 in Victoria County.
Appellant provided identification and told the officer that he was coming from Brownsville en route to Houston, Texas for
a job interview with an offshore oil exploration company. Appellant gave Officer Plunkett verbal consent to search the
vehicle. Officer Plunkett noticed the screws on the interior quarter panels had been recently removed. After removing the
right side panel, Officer Plunkett discovered wrapped bricks of marihuana. Appellant was convicted of the offense of
unlawful possession of marihuana. In one point of error, appellant asserts that there was insufficient evidence to support
his conviction. We read appellant's point of error as a challenge to the legal and factual sufficiency of the evidence to
support his conviction.

Standard of Review

When we review the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Rosillo v.
State, 953 S.W.2d 808, 811 (Tex. App.-Corpus Christi 1997, pet. ref'd). Sufficiency of the evidence is measured by the
hypothetically correct jury charge, which accurately sets out the law, is authorized by the indictment, and does not
unnecessarily increase the State's burden of proof. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Cano v.
State, 3 S.W.2d 99, 105 (Tex. App.-Corpus Christi 1999, pet. ref'd). The jury, as the sole judge of the credibility of the
witnesses and the weight to be given their testimony, is free to accept or reject all or any part of the testimony of any
witness. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1981); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986).

When we review the factual sufficiency of the evidence, we review all of the evidence and set aside the verdict only if it is
so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. Johnson, 23 S.W.3d at
9; Clewis v. State, 922 S.W.2d 126, 133-34 (Tex. Crim. App. 1996). Under a factual sufficiency review, we are not bound
to view the evidence in the light most favorable to the prosecution. Stone v. State, 823 S.W.2d 375, 381 (Tex. App.-Austin
1992, pet. ref'd). Rather, we are free to consider the testimony of all the witnesses. Id. We are not free to reweigh the
evidence and set aside a jury verdict merely because we believe that a different result is more reasonable. Cain v. State,
958 S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis, 922 S.W.2d at 135. Disagreeing with the factfinder's determination
is appropriate only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice;
otherwise, due deference must be accorded the factfinder's determinations. Johnson, 23 S.W.3d at 10-12. The complete
and correct standard for conducting a factual sufficiency review of the elements of a criminal offense asks whether a neutral
review of the evidence, both for or against the finding, demonstrates proof of guilt is so obviously weak as to undermine
confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof. Id. at 8.

Discussion

To establish the offense of unlawful possession of a controlled substance, the State must prove (1) the accused exercised
care, control, and management over the contraband, and (2) the accused knew the matter possessed was contraband. 
McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985);Ebert v. State, 848 S.W.2d 261, 266 (Tex. App.-Corpus
Christi 1993, pet. ref'd). "Possession" means actual care, custody, control, or management. Tex. Health & Safety Code
§481.002(38) (Vernon Supp. 2001). The evidence must show that the appellant was conscious of his connection with the
contraband and knew what it was. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). The evidence must
establish, to the requisite level of confidence, that the accused's connection with the drug was more than fortuitous." Id. If
the appellant did not have exclusive possession of the place where the contraband was discovered, the State must set forth
additional facts which affirmatively link the appellant to the contraband. Flores v. State, 650 S.W.2d 429, 430 (Tex. Crim.
App. 1983); Rhyne v. State, 620 S.W.2d 599, 601 (Tex. Crim. App. 1981); Olguin v. State, 601 S.W.2d 941, 943 (Tex.
Crim. App. 1980). No set formula exists to define the sufficiency of an affirmative link to support an inference of
knowingly possessing contraband. Reid v. State, 749 S.W.2d 903, 905 (Tex. App. -Dallas 1988, pet. ref'd). The
determination depends on the facts of each case. Id. 

Factors that courts have considered include: (1) the defendant's presence when the search warrant was executed; (2)
whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4)
whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other
contraband when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the
defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of the
contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether defendant owned or had the
right to possess the place where the contraband was found; and (12) whether the place the contraband was found was
enclosed. Villarreal v. State, 865 S.W.2d 501, 503-04 (Tex. App.-Corpus Christi 1993, pet. ref'd). The number of links
present is not as important as the logical force or the degree to which the factors alone or in combination, tend to
affirmatively link the accused to the contraband. Wallace v. State, 932 S.W.2d 519, 524 (Tex. App.-Tyler 1995, pet, ref'd);
Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App.-Houston [1st Dist.] 1994, pet. ref'd); Whitworth v. State, 808 S.W.2d 566,
569 (Tex. App.-Austin 1991, pet ref'd). 

Appellant asserts that the evidence affirmatively linking him to the marihuana is legally and factually insufficient to support
his conviction. However, the evidence in this case does affirmatively link appellant to the marihuana. Appellant was the
sole occupant of the rental car in which the drugs were found. Officer Plunkett, an experienced DPS officer of seventeen
years, testified that people involved in trafficking narcotics often rent a car for that purpose. He further testified that rental
cars are also used to transport narcotics because they cannot be seized by law enforcement. Officer Plunkett also testified
that Highway 59 is the common route for many narcotics traffickers. A videotape of the arrest is included in the record and
it shows that appellant appeared anxious and nervous when stopped by the officer. Appellant, apparently agitated by the
traffic stop, began talking in a rambling fashion without the officer asking any questions. Officer Plunkett testified that
after observing the back of the new Jeep, he noticed that screws to an interior wall panel had been recently removed when
there was no reason for a new Jeep to have screws removed. The record also shows that appellant did not say anything to
the officer when he looked in the left quarter panel; however, appellant became nervous when the officer began looking in
the right quarter panel where the drugs were found. The record shows that upon finding the marihuana, the officer pulled
out his gun and pointed it at appellant and ordered him to get on the ground. At that time, appellant showed no surprise at
the officer's actions. 

The facts and circumstances of this case are such that a rational juror could have found beyond a reasonable doubt that
appellant exercised care, custody, or management over the contraband. Therefore, we conclude the evidence is legally
sufficient. 

Likewise, we conclude the evidence is factually sufficient. After reviewing the entire record in the case before this Court,
we cannot conclude that evidence produced by the State was so uncertain, inconsistent, improbable, or unbelievable that it
would be clearly unjust to allow the verdict to stand. Scott v. State, 934 S.W.2d 396, 398 (Tex. App.-Dallas 1996, no pet.).
Nor can we conclude the verdict is against the great weight of the evidence so as to be clearly wrong and unjust. Id. 934
S.W.2d at 398. 

Accordingly, we hold that there are sufficient "affirmative links" to support the jury's finding that appellant knowingly and
intentionally possessed the marihuana in question. We hold the evidence is legally and factually sufficient to support
appellant's conviction. Appellant's sole point of error is overruled. 

We AFFIRM the trial court's judgment.



 

LINDA REYNA YAÑEZ

Justice





Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

31st day of August, 2001.

1. Tex Health & Safety Code Ann. §481.121 (Vernon Supp.2001).